EILEEN M. DECKER
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
JAMES C. HUGHES (Cal. Bar No. 263878)
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894- 4961
     Facsimile: (213) 894-0115
     E-mail: james.hughes2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>          v.<br><br>SEAN DAVID MORTON, et al.,<br><br>          Defendants. | No. 2:15-cr-00611-SVW<br><br>APPLICATION FOR PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL TAX RETURN AND PRIVATE FINANCIAL INFORMATION TO DEFENDANT SEAN DAVID MORTON; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES C. HUGHES<br><br>[Proposed] ORDER LODGED CONCURRENTLY HEREWITH |

    Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California, hereby files this Application pursuant to Rule 16(d)(1)
of the Federal Rules of Criminal Procedure and the general

supervisory authority of the Court for a Protective Order regarding the Disclosure of Confidential Tax Return and Private Financial Information.  Specifically, the Government respectfully requests that the Court issue a Protective Order that restricts the dissemination of the confidential tax, financial, and other private information that the government is disclosing in this case to defendant Sean David Morton.  This application is based on the attached memorandum of points and authorities, the declaration of James C. Hughes, the files and records in this case, and such evidence and argument as the Court may allow at any hearing on this application.


                                    Respectfully Submitted,

                                    EILEEN M. DECKER
                                    United States Attorney
                                    SANDRA R. BROWN
                                    Assistant United States Attorney
                                    Chief, Tax Division


DATED:____3/9/2016_____        _____/s/_____
                                    VALERIE L. MAKAREWICZ
                                    JAMES C. HUGHES
                                    Assistant United States Attorneys
                                    Attorneys for Plaintiff

                                    United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTUAL BACKGROUND**

The superseding indictment in this case was filed on January 27, 2016.  Defendant Sean David Morton (hereinafter "SDM") is charged in the pending indictment with conspiracy to defraud the United States in violation of 18 U.S.C. § 371; two counts of making false claims against the United States in violations of 18 U.S.C. § 287; and twenty-six violation counts of passing fictitious instruments in violation of 18 U.S.C. § 514.

As part of its investigation, the United States of America (variously the "United States" or the "Government") obtained third party tax return and other private information, including approximately 2500 pages of hard documents seized during a search warrant on September 23, 2015; approximately 10,382 pages of electronic pdf files, 1,300 word files, 100 excel files, and over 2600 pages of text messages and emails obtained from nine digital devices seized during the same search warrant; and approximately 11,000 pages of tax returns, financial statements, emails, text messages, and other correspondence obtained from IRS records and various third party individuals and financial institutions. (Declaration of James C. Hughes "Hughes Decl." ¶ 3)  The government has also received approximately 1.5 gigabytes of investigative files compiled by the Securities and Exchange Commission pursuant to its previous civil investigation of the defendants.  (Id.)  These investigative files include third party correspondence, financial statements, and interview transcripts.  (Id.)

The evidence in this matter includes personal identification information for other individuals including, but not limited to,

1

names, credit and/or debit card numbers, account numbers, addresses, phone numbers, social security numbers, driver's license numbers, and dates of birth (collectively "Confidential Information"). (Hughes Decl. ¶ 4)   The evidence also contains third party return information as defined under 26 U.S.C. § 6103(b)(2).   (Id.)   As detailed below, the government has previously provided these files to defendant SDM on ten encrypted DVDs.   However, due to concerns regarding the dissemination of confidential financial records, and the absence of a protective order from the Court, the government has yet to provide defendant SDM with the password to view the encrypted materials.

On March 7, 2016, the United States and defendant Melissa Morton ("MM") entered into a stipulation regarding the disclosure of tax return information pursuant to the government's discovery obligations.   (DE 52).   A proposed order authorizing the disclosure of such information to MM and her counsel was lodged concurrently therewith.   (Id.)   Upon the issuance of the proposed order by the Court, the government shall provide MM's counsel with the password to view the encrypted materials.

To date, the United States and counsel for SDM have been unable to reach a stipulation regarding a protective order limiting defendant SDM's ability to disseminate the confidential materials produced by the government. SDM's counsel has advised the government that she intends to seek to be relieved as counsel.   As a result, SDM's counsel has stated that she is unable to offer a position with regard to this Application.

### a. DISCOVERY EFFORTS TO DATE

On February 12, 2016, the government emailed a proposed stipulation and order to counsel for SDM and counsel for MM regarding

2

authorization of the disclosure of tax return information by the government pursuant to its ongoing discovery obligations ("the draft stipulation"). (Hughes Decl. ¶ 5) In the draft stipulation the United States explained that its investigative files contained tax return information of various third parties, including but not limited to, individuals for whom SDM and MM (collectively "defendants") were alleged to have prepared, or aided and assisted in the preparation of, fictitious financial instruments. (Id.) The government requested the defendants review the enclosed stipulations and apprise the government of any questions or concerns. (Id.)

On February 18, 2016, the government hand delivered a copy of the initial discovery disclosures to the office of SDM's counsel and sent a copy of the disclosures to MM's counsel via certified mail. (Hughes Decl. ¶ 6) The government's discovery disclosures were provided on eight encrypted Digital Versatile Disks ("DVDs") with 5040 files containing 49,184 bates-numbered pdf pages, 200+ non-Bates numbered PDF files, 61 audio files, 7 video files, 1336 word documents, 122 Excel Spreadsheets, 248 graphic files, 224 text files, and 31 HTML documents. (Id.) The files were described and categorized in a discovery index provided with the government's initial disclosures. (Id.)

On February 18, 2016, the government received an email from MM's counsel. (Hughes Decl. ¶ 7) In his email, counsel requested certain changes to the draft stipulation's language regarding the retention of records. (Id.) The government incorporated the suggested changes and sent a revised version of the proposed stipulation to MM's counsel for his review. (Id.)

3

On February 18, 2016, the United States received documents by mail from defendant SDM entitled "Notice of Rescission, Termination, Rejection, Revocation of All Powers of Attorney."  (Hughes Decl. ¶ 8)  In the document, defendant SDM claimed to "RESCIND, TERMINATE, REJECT AND REVOKE ALL POWERS OF ATTORNEY" of his counsel of record.[1]  (Id.)

On February 22, 2016, counsel for the government spoke with counsel for defendant SDM via telephone.  (Hughes Decl. ¶ 10)  During the conversation, government counsel asked defendant SDM's counsel how she wished to proceed in light of the letter submitted to the government.  (Id.)  Government counsel also informed defendant SDM's counsel that the government had yet to receive a response regarding its proposed stipulation for the disclosure of tax return information.  (Id.)  Defense counsel noted that she shared the concerns previously articulated by counsel for MM in his April 18, 2016 email regarding stipulation language concerning the retention of records.  (Id.)  The parties agreed that counsel for the United States would continue to work towards finalizing a stipulation with counsel for defendant MM, and would provide an updated copy of the stipulation to defendant SDM's counsel once a finalized version was ready.  (Id.)  Later in the day, defendant SDM's counsel contacted government counsel and stated that she would be unable to sign any

---

[1] A virtually identical document was also received from Melissa Morton.  (Hughes Decl. ¶ 9)  Melissa Morton subsequently applied for a status hearing regarding her request to proceed in pro per, but later filed a request to withdraw this application based on her decision to proceed with her current counsel of record.  (DE 48 & 51).  The government and Melissa Morton have subsequently entered into a stipulation regarding the disclosure of tax return information pursuant to the government's ongoing discovery obligations.  (DE 52).

stipulations on behalf of the defendant until any issues regarding his request to terminate her power of attorney were resolved.  (Id.)

On February 22, 2016, the government issued supplementary discovery disclosures to defendants via mail. (Hughes Decl. ¶ 11) The government's discovery disclosures were provided on an encrypted DVD with 6 zip files containing 97 bates-numbered pdf pages, 16 audio files, and one Word document.  (Id.)  The files were described and categorized in a discovery index provided with the government's disclosures.  (Id.)

On March 2, 2016, counsel for the United States spoke with defendant SDM's counsel via telephone. (Hughes Decl. ¶ 12)  During the conversation, counsel for defendant SDM stated that she was unable to advise the government whether she would continue to represent defendant in light of his letter dated February 18, 2016, or if she intended to request a hearing by the Court on the issue. (Id.)

On March 7, 2016, the government served supplementary discovery disclosures on defendants.  (Hughes Decl. ¶ 13)  The supplementary disclosures were mailed to the office of MM's counsel and hand delivered to the office of defendant SDM's counsel.  (Id.)  The government's discovery disclosures were contained on an encrypted DVD with 61 files containing 2636 bates-numbered pdf pages, 13 Excel spreadsheets, and 1 audio recording.  (Id.)  The files were described and categorized in a discovery index provided with the disclosures. (Id.)  The same day, the government also provided defendant SDM's counsel with a DVD labeled "Discovery Disk 1A."  (Id.)  This DVD included select documents from the government's previous discovery disclosures.  (Id.)  Specifically, the DVD contained those documents

5

1   that the government determined did not contain third party personal

2   identifying information or § 6103 return information.  (Id.)

3   **II.     Proposed Protective Order**

4       To serve the government's interest in protecting the

5   Confidential Information in this case, including the government's

6   interest in safeguarding against further dissemination, or use by any

7   person, including defendants, of the Confidential Information, and

8   also to serve and protect defendant's right to prepare an effective

9   defense in this case, the government requests the entry of a

10   Protective Order for discovery in this case. The Court has currently

11   scheduled a status conference for March 14, 2015.  During this

12   hearing the government anticipates that the Court shall determine

13   whether defendant SDM shall proceed in pro per in this case.  The

14   government has therefore drafted its proposed protective order to

15   provide for two outcomes: 1) defendant SDM retains his current

16   counsel; and 2) defendant SDM proceeds without representation.

17       In the event defendant SDM retains his current counsel of

18   record, the government asks that the Court enter a protective order

19   prohibiting defendant SDM and his counsel from disclosing or

20   disseminating to any third parties the confidential personal

21   identifying information and return information provided by the

22   government pursuant to its discovery obligations.  This prohibition

23   shall be subject to the exception that defendant and his attorney may

24   disclose such information to members of the defense team for the

25   limited purposes of preparing a defense or resolution of this case.

26   Additionally, the government requests that the protective order

27   require that at the close of this case, including any appellate or

28   habeas proceedings, defendant shall either destroy or return the

confidential personal identifying information and return information provided by the government.

In the event defendant SDM elects to represent himself in this case, the government asks that the Court issue a substantially similar protective order with one additional protection. Specifically, with the exception of any attorney defendant SDM may subsequently maintain to represent him in this case, the government asks that defendant SDM be ordered not to allow any individuals assisting him in the preparation of his defense to retain, maintain, or copy the third party financial and tax return information disclosed by the government.  This prohibition is necessary in order to ensure that the information provided to defendant SDM is not widely disseminated or publicly disclosed by any individuals assisting defendant SDM in the preparation of his defense.

### III.        ARGUMENT

Federal Rule of Criminal Procedure 16(d)(1) provide as follows: **Protective and Modifying Orders**. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

In addressing a prior version of this rule, the Supreme Court stated that the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185, 89 S. Ct. 961, 973, 22 L. Ed. 2d 176 (1969).  The power of courts, state as well as federal, to delimit how parties may use information obtained

through the court's power of compulsion is of long standing and well accepted. *Bittaker v. Woodford*, 331 F.3d 715, 726 (9th Cir. 2003).

Here, there is extensive personal identifying information and financial information that must be protected. Moreover, much of the discovery contains confidential tax return information, which is even further protected from disclosure. Disclosure of tax information is strictly governed by Section 6103 of Title 26 of the United States Code, entitled "Confidentiality and disclosure of returns and return information." Under Section 6103(a), entitled "General Rule," "Returns and return information shall be confidential, and except as authorized by this title - (1) no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." Tax "return information" is defined very broadly, and includes:

> taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense

26 U.S.C. § 6103(b)(2)(A). However, Section 6103(h)(4)(D) specifically authorizes the Court to issue an Order authorizing the disclosure of tax return information in a case involving tax

8

administration to the extent such disclosure is required by Rule 16 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3500, with the Court giving "due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in Title 26."

The confidential identity, financial, and tax information in this case must be protected, which the Court has the authority to do under Rule 16 and its inherent powers.  The record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery of the confidential information in this case, specifically including the tax information, by allowing defendant SDM access to the confidential information, but limiting any further disclosures to third parties.  Such a protective order adequately balances defendant SDM's need for access to the confidential information of third parties with the need to protect these individuals from the public disclosure of said information.

\\\

\\\

\\\

1

**IV.      CONCLUSION**

2       Based on all of the above, the Unites States respectfully
3  requests that the Court enter a protective order authorizing the
4  disclosure of tax return and financial information to defendant SDM,
5  subject to the conditions and restrictions proposed by the United
6  States.

7

8                                    Respectfully Submitted,

9                                    EILEEN M. DECKER
10                                   United States Attorney
                                     SANDRA R. BROWN
11                                   Assistant United States Attorney
                                     Chief, Tax Division
12

13

14  DATED:___3/9/2016_____        _____/S/_____
15                                   VALERIE L. MAKAREWICZ
                                     JAMES C. HUGHES
16                                   Assistant United States Attorneys
                                     Attorneys for Plaintiff
17                                   United States of America

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF JAMES C. HUGHES

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. In that capacity, I am assigned to the case of <u>United States of America v. Sean David Morton, et al.</u>, 2:15-CR-611-SVW. I write this declaration in support of the Government's Application for a Protective Order.

2. Defendant Sean David Morton (hereinafter "SDM") is charged in the pending indictment with conspiracy to defraud the United States in violation of 18 U.S.C. § 371; two counts of making false claims against the United States in violations of 18 U.S.C. § 287; and twenty-six violation counts of passing fictitious instruments in violation of 18 U.S.C. § 514.

3. As part of its investigation, the United States of America (variously the "United States" or the "Government") obtained much third party tax return and other private information, including approximately 2500 pages of hard documents seized during a search warrant on September 23, 2015; approximately 10,382 pages of electronic pdf files, 1,300 word files, 100 excel files, and over 2600 pages of text messages and emails obtained from nine digital devices seized during the same search warrant; and approximately 11,000 pages of tax returns, financial statements, emails, text messages, and other correspondence obtained from IRS records and various third party individuals and financial institutions. The government has also received approximately 1.5 gigabytes of investigative files compiled by the Securities and Exchange Commission pursuant to its previous civil investigation of the

1

defendants.  These investigative files include third party correspondence, financial statements, and interview transcripts.

4.  The evidence in this matter includes personal identification information for other individuals including, but not limited to, names, credit and/or debit card numbers, account numbers, addresses, phone numbers, social security numbers, driver's license numbers, and dates of birth (collectively "Confidential Information").

5.  On February 12, 2016, I emailed a proposed stipulation and order to counsel for defendant SDM and counsel for MM regarding authorization of the disclosure of tax return information by the government pursuant to its ongoing discovery obligations ("the proposed stipulation").  In the draft stipulation the United States explained that its investigative files contained tax return information of various third parties, including but not limited to, individuals for whom defendants SDM and MM (collectively "defendants") were alleged to have prepared, or aided and assisted in the preparation of, fictitious financial instruments.  The government requested the defendants review the enclosed stipulations and apprise the government of any questions or concerns.

6.  On February 18, 2016, the government served supplementary discovery disclosures on defendants.  The government had delivered a copy of the initial discovery disclosures to the office of defendant SDM's counsel and sent a copy of the disclosures to MM's counsel via certified mail.  The government's discovery disclosures were provided on eight encrypted Digital Versatile Disks ("DVDs") with 5040 files containing 49,184 bates-numbered pdf pages, 200+ non-bates numbered PDF files,  61 audio files, 7 video files, 1336 word documents, 122

2

Excel Spreadsheets, 248 graphic files, 224 text files, and 31 HTML documents.  The files were described and categorized in a discovery index provided with the government's initial disclosures.

7.   On February 18, 2016, I received an email from MM's counsel.  In his email, counsel requested certain changes to the draft stipulation's language regarding the retention of records.  The government subsequently incorporated the suggested changes and sent a revised version of the proposed stipulation to MM's counsel for his review.

8.   On February 18, 2016, the United States received a document by mail from defendant SDM entitled "Notice of Rescission, Termination, Rejection, Revocation of All Powers of Attorney."  In the document, defendant SDM claimed to "RESCIND, TERMINATE, REJECT AND REVOKE ALL POWERS OF ATTORNEY" of his counsel of record.

9.   On February 18, 2016, the United States received a document by mail from MM entitled "Notice of Rescission, Termination, Rejection, Revocation of All Powers of Attorney."  In the document, defendant MM claimed to "RESCIND, TERMINATE, REJECT AND REVOKE ALL POWERS OF ATTORNEY" of his counsel of record.

10.   On February 22, 2016, counsel for the government spoke with counsel for defendant SDM via telephone.  During the conversation, government counsel asked defendant SDM's counsel how she wished to proceed in light of the letter submitted to the government by her client. Government counsel also informed defendant SDM's counsel that the government had yet to receive a response regarding its proposed stipulation for the disclosure of tax return information.  Defense counsel noted that she shared the concerns previously articulated by counsel for MM in his April 18, 2016 email regarding stipulation

3

language concerning the retention of records.  The parties agreed that counsel for the United States would continue to work towards finalizing a stipulation with counsel for defendant MM, and would provide an updated copy of the stipulation to defendant SDM's counsel once a finalized version was ready.  Later in the day, defendant SDM's counsel contacted government counsel and stated that she would be unable to sign any stipulations on behalf of defendant SDM until any issues regarding his request to terminate her power of attorney were resolved.

11.  On February 22, 2016, the government issued supplementary discovery disclosures to defendants via mail.  The government's discovery disclosures were provided on an encrypted DVD with 6 zip files containing 97 bates-numbered pdf pages, 16 audio files, and one Word document.  The files were described and categorized in a discovery index provided with the government's disclosures.

12.  On March 2, 2016, I spoke with defendant SDM's counsel via telephone.  During the conversation, counsel for defendant SDM stated that she was unable to advise the government whether she would continue to represent defendant SDM in light of his letter dated February 18, 2016, or if she intended to request a hearing by the Court on the issue.

13.  On March 6, 2016, I received an email from defendant SDM's counsel informing me that she intended to seek to be relieved as counsel for defendant SDM.

14.  On March 7, 2016, the government served supplementary discovery disclosures on defendants.  The supplementary disclosures were mailed to the office of MM's counsel and hand delivered to the office of SDM's counsel.  The government's discovery disclosures were

4

contained on an encrypted DVD with 61 files containing 2636 bates-numbered pdf pages, 13 Excel spreadsheets, and 1 audio recording. The files were described and categorized in a discovery index provided with the disclosures.

15.    The same day, the government also provided defendant SDM's counsel with a DVD labeled "Discovery Disk 1A." This DVD included select documents from the government's previous discovery disclosures.  Specifically, the DVD contained those documents that the government determined did not contain third party personal identifying information or § 6103 return information.

16.    On March 7, 2016, I sent an email to defendant SDM's counsel informing her that the government intended to file an application for a protective order with the Court.  Defendant SDM's counsel subsequently sent a responsive email informing me that she was unable to take a position with regard to the government's application as she was currently seeking to be relieved as counsel for defendant SDM.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of March 2016 in Los Angeles, California.

_____
JAMES C. HUGHES
Assistant United States Attorney