NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ (Cal Bar No. 229637)
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:   (213) 894-2729
    Facsimile:    (213) 894-0115
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAN DAVID MORTON, et al.,<br><br>    Defendants. | No. CR 2:15-00611-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT MELISSA MORTON'S MOTION FOR JUDICIAL RECOMMENDATION FOR LENGTH OF RRC/HALFWAY HOUSE |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys James C. Hughes and Valerie L. Makarewicz, hereby files its opposition regarding defendant Melissa Morton's MOTION FOR JUDICIAL RECOMMENDATION FOR LENGTH OF RRC/HALFWAY HOUSE ("Motion") filed May 2, 2018, Docket No. 309.

///

///

**FACTS**

On September 18, 2017, the Court sentenced defendant Melissa Morton to a term of imprisonment for 24 months on each of counts 8 and 33 through 56, and 24 months on each of counts 1, 4 and 5 of the 1st Superseding Indictment, with all terms to run concurrently. Docket No. 279. Defendant is due to be released from the custody of the Bureau of Prisons on May 16, 2019. Motion, p. 1.

Defendant Melissa Morton filed the Motion requesting that the Court recommend to the Bureau of Prisons that defendant be considered for placement in a residential re-entry center for the maximum time of placement beginning with the 12 months remaining in her sentence pursuant to 18 U.S.C. § 3624(c). Motion, p. 1.

**LAW AND ARGUMENT**

When a court sentences a federal offender, the Bureau of Prisons has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). As annunciated by the Supreme Court, "[A] sentencing court can recommend that the BOP place an offender in a particular facility or program. . . . But decision making authority rests with the BOP." Tapia v. United States, 131 S.Ct. 2382, 2390-91 (2011); United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011); United States v. Dragna, 746 F.2d 457 (9th Cir. 1984). Even when sentencing courts "strongly recommend" the place of a prisoner's imprisonment, the court's recommendations "are only recommendations—and in the end they had no effect." Tapia v. United States, 131 S.Ct. at 2391. "The sentencing court may have had plans for Tapia's [defendant's] rehabilitation,

2

but it lacked power to implement them. That incapacity speaks volumes." Id.

Section 3621 governs the authority of the Bureau of Prisons to designate a prisoner's placement in general while in custody. In the context of community correctional facilities, also known as residential re-entry centers ("RRCs"), this section governs the Bureau of Prison's authority in cases where a prisoner who has more than a year left to serve of his or her prison sentence requests a transfer to such a facility. Sacora v. Thomas, 628 F.3d 1059, 1062 (9th Cir. 2010). Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau of Prisons to determine or change the place of imprisonment of that person. 18 U.S.C. § 3621(b).

Congress also charged the Bureau of Prisons with preparing prisoners for re-entry to the community during the final months of their terms of imprisonment. 18 U.S.C. § 3624(c). Pursuant to section 3624(c), prisoners may be placed in a RRC or in home confinement. The Bureau of Prisons typically reviews inmate cases for pre-release placements 17 to 19 months before the projected release date. Sacora v. Thomas, 628 F.3d at 1064. The Bureau of Prisons must individually consider each inmate for pre-release placements in RRCs and this individual consideration must be based on the criteria set forth in section 3621(b). Id. The Bureau of Prisons must approach every individual inmate's assessment with the understanding that the inmate is now eligible for a maximum of 12 months pre-release RRC placement. Id. (emphasis in original).

1   Placement determination by the Bureau of Prisons is not subject
2  to judicial review.  18 U.S.C. § 3625 (judicial review under the APA
3  is not available to any determination, decision or order made
4  pursuant to 18 U.S.C. §§ 3621-3624); Reeb v. Thomas, 636 F.3d 1224,
5  1227 (9th Cir. 2011).
6   Here, under section 3624(c), defendant is requesting that the
7  Court recommend that the Bureau of Prisons consider defendant for 12
8  months of pre-release custody in an RRC.  Motion, p. 1.
9   With respect to its merits, defendant's Motion should be denied.
10 The Bureau of Prisons has already evaluated defendant Melissa Morton
11 for placement in an RRC, and determined that she be placed in an RRC
12 for a period of 91-120 days before her release.  Motion, p. 7.  Even
13 if the Court were to recommend that defendant serve the last 12
14 months of her sentence in a RRC, as requested by defendant, the
15 decision to place defendant in such a facility rests solely with the
16 Bureau of Prisons, as the Bureau of Prisons is able to evaluate what
17 is appropriate and suitable for its prisoners.  Even with the Bureau
18 of Prisons granting Melissa Morton pre-release in an amount of time
19 less than 12 months, this Court lacks jurisdiction to review the
20 Bureau of Prisons' individualized determination of her request,
21 however the claim is presented. 18 U.S.C. § 3625; Reeb v. Thomas, 636
22 F.3d at 1227; Brown v. Sanders, 2011 WL 4899919, *2 (C.D. Cal. 2011);
23 Tekle v. Washington-Adduci, 2011 WL 4802433, *3 (C.D. Cal. 2011);
24 Mendoza v. Sanders, 2012 WL 601787, *2 (C.D. Cal. 2012).
25 ///
26 ///
27 ///
28

**CONCLUSION**

The Bureau of Prisons is the appropriate and only authority that can determine where defendant Melissa Morton serves her 24 month sentence.  As such, defendant's Motion should be denied.

DATED: May 9, 2018                    Respectfully submitted,

                                        NICOLA T. HANNA
                                      United States Attorney
                                      THOMAS D. COKER
                                      Assistant United States Attorney
                                      Chief, Tax Division

                                                 /s/
                                      VALERIE L. MAKAREWICZ
                                      JAMES C. HUGHES
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**PROOF OF SERVICE BY MAILING**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On **May 9, 2018**, I served

**GOVERNMENT'S OPPOSITION TO DEFENDANT MELISSA MORTON'S MOTION FOR JUDICIAL RECOMMENDATION FOR LENGTH OF RRC/HALFWAY HOUSE**

on each person or entity name below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. Date of mailing: **May 9, 2018**

Place of mailing: Los Angeles, California

**See attached list**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **May 9, 2018,** Los Angeles, California.

                                                               /s/_____

                                                          **Barbara Le**

**RE: USA V. SEAN DAVID MORTON, ET AL**

**CASE NO.: 2:15-cr-00611 SVW**

<u>Service List</u>

**Sean David Morton**
#73055-112
USP - U.S. PENITENTIARY - TUCSON
P.O. Box 24550
Tucson, AZ 85734

**Melissa Ann Thomson**
#73056-112
FCI - FEDERAL CORRECTIONAL INSTITUTION - VICTORVILLE
Medium II
P.O. Box 3850
Adelanto, CA 9230